## Case No. 15,453.

### UNITED STATES v. JACKSON.

[4 Cranch, C. C. 483.] [1]

Circuit Court, District of Columbia. Nov. Term, 1834.

CRUELTY TO ANIMALS.

Public cruelty to a cow, and beating her to death in or near a public street in Washington, is an indictable offence at common law, as a public nuisance.

The indictment averred that the defendant [Daniel Jackson], "unlawfully, wantonly, and cruelly, in the public street in the city of Washington, in the same county, and in a public place in the city of Washington in said county, and near the public streets of said city, and dwellings of the citizens thereof, and in view of the said streets and dwellings and said citizens, in said county, did cruelly with clubs and stones, beat, strike, and grievously wound and kill a certain cow, then and there being. the property of a certain Charles A. Howe, of the value of twenty dollars,·to the terror and disturbance of the said citizens, and to the common nuisance of the citizens of said county, to the evil example of all others, and against the peace and government of the United States."

Mr. Morfit, for defendant, moved the court to quash the indictment. The Maryland act of 1809 (chapter 138, § 4) shows that at common law, cruelty to brutes was not punishable. The Virginia cases are founded upon the peculiar qualities of slavery. 3 Chit. Cr. Law, 1087; 4 Bl. Comm. 19.

---

## Case No. 15,454.

### UNITED STATES v. JACKSON.

[4 Cranch, C. C. 577.] [1]

Circuit Court, District of Columbia. March Term, 1835.

COMPETENCY OF WITNESSES—FORGERY.

The person, to the prejudice of whose right a forgery is averred to be, is a competent witness to prove the forgery. So, also, is the person whose receipt is averred to be forged.

Indictment [against William Jackson] for forging a bill and receipt of Polkinhorn & Campbell against Major William T. Barry, of eight dollars and fifty cents, for a trunk, by altering the amount, which was originally $6.50 to $8.50. The deposition of Major Barry had been taken by consent, provided he could be a competent witness, and was now produced by Mr. Key for the United States.

Mr. Brent, for the defendant, objected that he was interested; and cited the case of U. S. v. Anderson, in this court, in November term, 1834 [Case No. 14,452], and the cases there cited.

THE COURT (nem. con.) decided, that Major Barry was a competent witness, and his deposition was read.

Mr. Key then offered Messrs. Polkinhorn and Campbell.

Mr. Brent objected.

But THE COURT overruled the objection, and they were examined.

The indictment charged the forgery to be to the prejudice of the right of the said W. T. Barry, and with intent to defraud him, under the eleventh section of the penitentiary act of 1831 [4 Stat. 449].